IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-301-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JAMES THOMAS WEBB, | ) |
| | ) |
| Defendant. | ) |

On October 30, 2020, James Thomas Webb ("Webb") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 231]. Webb also moves for a certificate of appealability regarding this court's order denying his motions under 28 U.S.C. § 2255 [D.E. 225], and for consolidated proceedings pursuant to 28 U.S.C. § 1407 [D.E. 228]. As explained below, the court denies Webb's motions.

I.

On March 18, 2013, pursuant to a written plea agreement, Webb pleaded guilty to conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349. See [D.E. 73]. On January 15, 2014, the court held Webb's sentencing hearing and calculated Webb's total offense level to be 39, his criminal history category to be I, and his advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 142] 309. After considering all relevant factors under section 3553(a), the court sentenced Webb to 327 months' imprisonment. See id. 325–35. Webb appealed. See [D.E. 122]. On February 9, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Webb's plea agreement and affirmed this court's judgment. See United States

v. Webb, 601 F. App'x 189, 190–91 (4th Cir. 2015) (per curiam) (unpublished).

On February 14, 2017, Webb moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 327-month sentence. See [D.E. 176]. On July 21, 2017, Webb filed a second section 2255 motion. See [D.E. 182]. On May 30, 2018, the government moved to dismiss Webb's motions. See [D.E. 188, 189]. On June 27, 2018, Webb moved for injunctive relief and filed a notice of substantive collateral filing. See [D.E. 191]. On July 12, 2018, Webb moved to dismiss the government's motion to dismiss. See [D.E. 198]. On October 1, 2018, Webb moved to disqualify the United States Attorney for the Eastern District of North Carolina. See [D.E. 204]. On July 16, 2019, the court granted the government's motion to dismiss, dismissed Webb's section 2255 motions, denied Webb's motions, and denied a certificate of appealability. See [D.E. 208]. On August 14, 2019, Webb moved for reconsideration and for consolidated proceedings. See [D.E. 210, 211]. On March 27, 2020, the court denied Webb's motions. See [D.E. 221]. On May 22, 2020, Webb filed a notice of appeal. See [D.E. 223].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

2

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Webb's request for compassionate release, Webb contends that he has exhausted his administrative requirements. Specifically, Webb alleges that he submitted a request for compassionate release to the BOP which was denied on July 10, 2020. See [D.E. 231] 3. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Webb's claims on the merits.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

Webb seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Webb cites the COVID-19 pandemic and his health conditions, including Type 2 Diabetes, hypertension, chronic kidney disease, high cholesterol, respiratory disease, and a hernia. See [D.E. 231] 1–2, 5. Webb has contracted and recovered from COVID-19. See id.; [D.E. 233] 1. Webb also cites his rehabilitation efforts and release plan. See [D.E. 231] 5–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Webb contracted and recovered from COVID-19. See [D.E. 231] 1–2, 5; [D.E. 233] 1. Webb also has Type 2 Diabetes, hypertension, chronic kidney disease, high cholesterol, respiratory disease, and a hernia, but he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Webb serves his sentence. See [D.E. 231] 1–2, 5. Accordingly, reducing Webb's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Webb's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Webb's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

6

Webb is 58 years old and engaged in very serious criminal behavior between 2002 and 2006. See PSR [D.E. 66] ¶¶ 10–27. Webb committed bank fraud and wire fraud while conducting hundreds of fraudulent real estate transactions. See id. Webb defrauded 30 victims of $11,710,766.02. In turn, Webb used the fraudulently derived proceeds to finance a lavish lifestyle, including a multi-million dollar mansion, multiple luxury vehicles, and extensive travel. See id. Webb engaged in this unlawful and egregious conduct even though he had felony conviction in federal court in 1991 for making a false statement to the Department of Housing and Urban Development and received an extremely lenient sentence. See id. at ¶ 29. Nonetheless, Webb has taken some positive steps while incarcerated. See [D.E. 231] 5–6. The court also has considered Webb's exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Webb, the section 3553(a) factors, Webb's arguments, and the need to punish Webb for his criminal behavior, to incapacitate Webb, to promote respect for the law, to deter others, and to protect society, the court declines to grant Webb's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Webb's request for home confinement, Webb apparently seeks relief under the CARES Act. See [D.E. 231] 2. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No.

4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Webb's request for home confinement.

As for Webb's motion for a certificate of appealability, Webb seeks a certificate of appealability from this court so that he may appeal the court's denial of his section 2255 motions. See [D.E. 208, 223, 225]. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order on a section 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing" an applicant must demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); United States v. McNeal, 831 F. App'x 79, 79 (4th Cir. 2020) (per curiam) (unpublished); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Alternatively, "[w]hen the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right." McNeal, 831 F. App'x at 79; see Slack, 529 U.S. at 484–85. Although Webb raised over 20 issues in his section 2255 motion, he has made no such showing. See [D.E. 225]. This court thoroughly considered Webb's arguments in its order denying Webb's section 2255 motions and denied a certificate of appealability under the governing standard. See [D.E. 208] 12. The court's opinion has not changed. Thus, the court denies Webb's motion for a certificate of appealability.

As for Webb's motion for consolidated proceedings, Webb moves under 28 U.S.C. § 1407. See [D.E. 228]. Section 1407 provides for the transfer of actions pending in different districts for

8

the purpose of coordinated and consolidated pretrial proceedings. See 28 U.S.C. § 1407. Section 1407(a) states that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Id. § 1407(a); Campbell v. Boston Sci. Corp., 882 F.3d 70, 76 (4th Cir. 2018). Section 1407 seeks to "promote efficiency without sacrificing fairness in the resolution of large-scale disputes." Campbell, 882 F.3d at 76. Webb's motion provides no grounds for invoking section 1407. See [D.E. 228]. Accordingly, the court denies Webb's motion as baseless.

II.

In sum, the court DENIES Webb's motion for compassionate release [D.E. 231] and for a certificate of appealability [D.E. 225], and DENIES as baseless Webb's motion for consolidated proceedings [D.E. 228]. The court DISMISSES Webb's request for home confinement.

SO ORDERED. This 13 day of January 2021.

JAMES C. DEVER III
United States District Judge